## Case No. 10,287.

### NOELL et al. v. MITCHELL.

[4 Biss. 346.] [1]

Circuit Court, D. Indiana. May, 1869.

#### JURISDICTION—CITIZENSHIP.

The defendant executed a note to S. Strous or order. Strous indorsed it in blank, and then redelivered it to the defendant, who thereupon delivered it to the plaintiffs. The declaration averred that it was an accommodation note, and that Strous never had any interest in it. *Held*, that, under the 11th section of the judiciary act [1 Stat. 78], the court has no jurisdiction of the case unless it appear by an averment in the declaration that Strous, as well as the plaintiffs, is a citizen of a state other than Indiana. But the rule is otherwise as to foreign bills of exchange, bills and notes payable to

---

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

bearer, and suits by indorsees against their immediate indorsers.

[Cited in Cooper v. Thompson, Case No. 3,-202.]

[This was an action by Louis Noell and others against Jacob Mitchell. The case is heard on demurrer to declaration.]

Porter, Harrison & Fishback, for plaintiffs.
W. J. Hammond, for defendant.

McDONALD, District Judge. This action is assumpsit on a promissory note. There is a demurrer to the declaration, which raises a question of the jurisdiction of this court to entertain the action. The declaration avers that the plaintiffs are citizens of New York, and that the defendant is a citizen of Indiana. The declaration charges that the defendant, by his note, promised to pay to the order of one Samuel Strous two thousand nine hundred and eighty-eight dollars and eighty-eight cents; that Strous indorsed the note in blank, and delivered the same thus indorsed to one Max Glazer, a citizen of New York; that Glazer thereupon delivered the note to the plaintiffs; and that "said Strous indorsed said note for the accommodation of the defendant, and never had any title to said note or property therein."

From these averments in the declaration, it is plain that the plaintiffs claim to derive title to the note through Strous and by virtue of his said blank indorsement. But it does not state the citizenship of the indorser. By the 11th section of the judiciary act, no national court shall have "cognizance of any suit to recover the contents of any promissory note or other chose in action in favor of an assignee, unless a suit might have been prosecuted in such court to recover the said contents if no assignment had been made, except in cases of foreign bills of exchange." 1 Stat. 79.

The only question, then, is this: From anything stated in the declaration, could Strous, the payee of this note, have maintained an action on it in this court against the maker, if he had never indorsed it? It is certain that he could not. There are two reasons why he could not. First, the declaration avers that he had no interest in the note; and, secondly, the declaration does not aver that Strous is a citizen of a state other than Indiana. This is so plain that no extended remarks need be made to support it.

Under the 11th section of the judiciary act, it is well settled that in the suits in the national courts by assignees of choses in action, such as notes, inland bills, &c., the declaration must allege the citizenship of all assignors through whom the plaintiff derives his title, as well as the citizenship of the plaintiff and defendant.

To the foregoing rule there are two exceptions; or rather there are two classes of cases not embraced by the 11th section of the judiciary act. The first are foreign bills of exchange. These the section in question expressly excludes from its operation. The second are notes and inland bills made payable to bearer. The reason of this exception is that the holder of such paper does not take it by assignment within the meaning of the section in question; but, in contemplation of law, he takes it directly from the party who, on the face of the paper, promises to pay the bearer; and as the plaintiff is the bearer, the promise is made directly to him, and he does not derive his title through an indorsement. Bullard v. Bell [Case No. 2,121]; Bank of Kentucky v. Wister, 2 Pet. [27 U. S.] 318.

Nor is the case of an indorsee suing his immediate indorser within the operation of the section under consideration. For he does not sue on the note or bill, but on the indorsement. Young v. Bryan, 6 Wheat. [19 U. S.] 146; Mollan v. Torrence, 9 Wheat. [22 U. S.] 537. But as the case at bar falls within the general rule, and is not saved by any exception to it, the demurrer must be sustained.

NOTE. That notes payable to bearer are within the above exception to the 11th section, consult, also, Wood v. Dummer [Case No. 17,944]; Bonnafee v. Williams, 3 How. [44 U. S.] 574. Nor is a bail-bond, for it is but an incident to the original suit. Bobyshall v. Oppenheimer [Case No. 1,592]. Nor a judgment recovered in a state court, though the original cause of action was a negotiable instrument on which the federal court would not have taken jurisdiction. Dexter v. Smith [Id. 3,866]. The prohibition as to suits to recover the contents of any promissory notes or chose in action does not apply to an action of replevin to recover the instrument itself. Deshler v. Dodge, 16 How. [57 U. S.] 622; Clarke v. City of Janesville [Case No. 2,854]. An executor or administrator is not an assignee, within the meaning of the prohibition. Mayer v. Foulkrod [Id. 9,341]. Nor is an indorsee, as against his immediate indorser. Evans v. Gee, 11 Pet. [36 U. S.] 80; Keary v. Farmers' & Merchants' Bank of Memphis, 16 Pet. [41 U. S.] 89; Campbell v. Jordan [Case No. 2,362]. In an action by an assignee against a remote endorser, he must show that the intermediate endorser could have maintained an action in the circuit court. Fry v. Rousseau [Id. 5,141]; Mollan v. Torrence, 9 Wheat. [22 U. S.] 537; Campbell v. Jordan [supra]. In a suit by an assignee, the pleadings must show that his assignor could have maintained an action in the circuit court. Rogers v. Linn [Case No. 12,015]. And in an action by the endorsee against the maker the citizenship of the payee must be set forth, in order to sustain the jurisdiction. Turner v. Bank of North America, 4 Dall. [4 U. S.] 8. And, under the general issue, the burden of proof is upon the plaintiff to show that his assignor might have sustained his action in the federal court. Bradley v. Rhines' Adm'rs, 8 Wall. [75 U. S.] 393.